**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**ALEXANDER ADAM FUNICELLO,**
**Petitioner,**

**v.**                                                    **Civil Action No. 3:19-CV-29**
**(GROH)**

**CHRISTOPHER GOMEZ, Warden,**
**Respondent.**

**<u>AMENDED REPORT AND RECOMMENDATION</u>**

**I.    INTRODUCTION**

On March 4, 2019, the pro se Petitioner filed an Application for Habeas Corpus
Pursuant to 28 U.S.C. § 2241. ECF No. 1.  Petitioner is a federal inmate housed at FCI
Gilmer who is challenging the validity of his conviction and sentence imposed in the
United States District Court for the Middle District of North Carolina.  On March 25, 2019
Petitioner filed the Court-approved form for a petition for habeas corpus.  ECF No. 9.

The matter is now before the undersigned United States Magistrate Judge for a
Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)
and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the
Petition be denied and dismissed with prejudice.

**II.    FACTUAL AND PROCEDURAL HISTORY[1]**

**A.    Conviction and Sentence**

On September 26, 2011, a grand jury indicted Petitioner and charged him in the

---

[1] All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket
of Criminal Action No. 1:11-CR-426, in the District of Maryland.

1

Middle District of North Carolina, case number 1:11-CR-315, with three counts[2] of bank robbery in violation of 18 U.S.C. § 2114(a).  ECF No. 1.

On December 7, 2017, Petitioner pled guilty to all three counts of the indictment pursuant to a plea agreement.  ECF Nos. 9, 14.  Petitioner was sentenced on April 25, 2012[3], to 151 months of incarceration as to each count, all of which were to be served concurrently with one another.  ECF No. 14 at 2.

**B. Direct Appeal**

A review of the docket and PACER shows that Petitioner did not appeal his conviction or sentence.

**C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255**

On June 16, 2014, Petitioner filed a motion for habeas relief under 28 U.S.C. § 2255.  ECF No. 15.  The Government filed a response on August 29, 2014.  ECF No. 18.  A memorandum opinion and recommendation of the United States Magistrate was entered on January 12, 2015.  ECF No. 20.  On March 30, 2015, the District Court denied Petitioner's motion for habeas relief and dismissed the motion with prejudice.  ECF No. 22.

Petitioner next filed a letter on October 23, 2015, which both the magistrate judge and district court later construed as a motion to vacate pursuant to § 2255. ECF Nos. 23, 24, 30, 31.  The magistrate judge recommended on December 1, 2015, that the motion be denied because Petitioner had not first sought permission

---

[2]  The three bank robberies were alleged to have occurred on June 7, 2011, June 9, 2011, and June 10, 2011.  ECF No. 1.

[3]  Although the judgment was imposed on April 25, 2012, the judgment was not signed and entered by the Clerk until June 27, 2012.  ECF No. 14 at 1.

from the Fourth Circuit to file a second or successive § 2255 motion.  ECF No. 24.
Petitioner then sought authorization from the Fourth Circuit in that court's docket
number 16-105.  ECF No. 29.  On February 2, 2016, the Fourth Circuit denied
Petitioner's request.  Id.  The district court adopted the recommendation of the
magistrate judge on June 9, 2016, and consistent with the decision of the Fourth
Circuit, denied Petitioner's requested relief.  ECF No. 30.

On June 23, 2016, Petitioner filed a request with the Fourth Circuit, in that court's
docket 16-9500, for authorization to file a second or successive motion pursuant to §
2255.  Petitioner filed another letter in the district court on June 27, 2016, which was again
construed as a § 2255 motion.  ECF No. 32.  That motion was denied by the district court
on July 5, 2016, on the basis that Petitioner's request for authorization to file a second or
successive § 2255 motion was still pending with the Fourth Circuit.  ECF No. 33.  The
Fourth Circuit granted Petitioner authorization to file a second or successive motion on
July 8, 2016.  ECF No. 35.

On that same date Petitioner's § 2255 motion was filed in the district court.  ECF
No. 36.   Petitioner filed a motion to amend on April 13, 2017, then supplemented his
motion pursuant to § 2255 on May 26, 2017.  ECF Nos. 40, 41.  The United States
magistrate judge filed a recommendation on June 9, 2017, which summarized Petitioner's
claim that "his prior convictions no longer count as valid predicates supporting the career
offender enhancement because they are not 'crimes of violence' for purposes of that
enhancement following Johnson."[4]  ECF No. 42 at 1.  However, the magistrate judge
recommended Petitioner's motion be denied and dismissed because he failed to state a

---

[4]   The magistrate judge further summarized Petitioner's arguments regarding Descamps and
Mathis, and found that neither case entitled Petitioner to relief.  ECF No. 42 at 2 – 3.

claim upon which relief could be granted.  Id. at 2.  The recommendation was adopted by the district court on July 12, 2017.  ECF Nos 45.

### D.     Claims in Instant § 2241 Petition

The amended § 2241 petition states a single ground for relief, that Petitioner was improperly sentenced with the career offender enhancement under the United States Sentencing Guidelines.  ECF No. 9 at 5.  Petitioner asserts that the holdings in Johnson v. United States, 135 S.Ct. 2551 (2015), Sessions v. Dimaya, 138 S.Ct. 1204 (2018), Descamps v. United States, 133 S.Ct. 2276 (2013), and Mathis v. United States, 136 S.Ct. 2243 (2016), invalidate his career offender status.  ECF No. 9-1 at 3.  Petitioner concedes that "the above ground [ ] was previously presented" to the district court for the Middle District of North Carolina and the United States Court of Appeals for the Fourth Circuit.  ECF No. 9 at 7.  For relief, Petitioner requests his sentence be vacated, the matter be remanded and he be resentenced without the career offender enhancement.  Id. at 8.

### III.    LEGAL STANDARDS

### A.     Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.      Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.      ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. <u>Fontanez v. O'Brien</u>, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. <u>Id.</u>; <u>see also</u> <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. <u>In re Vial</u>, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the <u>Jones</u> test (if challenging the legality of his conviction) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  <u>See</u> <u>Wheeler</u>, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

---

[7]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner's sole ground for relief is that he was misclassified as a career offender under the post-Booker,[8] advisory Guidelines.  ECF No. 9 at 5.  Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law[9], relief under 28

---

[8] United States v. Booker, 543 U.S. 220 (2005).

[9] Although Petitioner argues that Johnson entitles him to the relief sought, it is not applicable, because Johnson applied to Armed Career Criminal Act designations.  Moreover, a one-year statute of limitations would have applied to any Johnson claim, however, Petitioner filed this petition outside that one-

U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of <u>Wheeler</u>, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018). In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u> when the sentencing Guidelines were mandatory.  <u>Id.</u> at 714.

However, the <u>Lester</u> court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong.  <u>Id.</u> at 715 ("<u>Foote</u>[10] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-<u>Booker</u>, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or

_____

year period.  Likewise, to the extent that Petitioner argues Sessions is a change in constitutional law, that case is also inapplicable, as it deals with the residual clause 18 U.S.C. § 16.

[10]  In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255.  <u>Foote</u>, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).  The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  <u>Id.</u> at 940, 944.

constitutional provision." <u>Id.</u>  When a petitioner is sentenced under the post-<u>Booker</u>, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." <u>Id.</u>  In conclusion, the <u>Lester</u> court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." <u>Id.</u> at 716.

Because Petitioner in this case was sentenced as a career offender under the post-<u>Booker</u>, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

However, the argument presented here is the same argument Petitioner has asserted in his second or successive § 2255 motion in the Middle District of North Carolina, case number 1:11-CR-315.  The denial of that claim by the district court was entered July 12, 2017, which order adopted the recommendation of the United States Magistrate Judge.  M.D.N.C. 1:11-CR-315, ECF Nos. 42, 45.  Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an

earlier habeas petition and lost after a full and fair litigation of his claim.  See 28 U.S.C. § 2244(a).  In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241.  See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Middle District of North Carolina has, in that Court's case number 1:11-CR-2315, denied Petitioner's request to vacate his career offender designation.  Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation of his claim.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition and amended petition [ECF Nos. 1, 9] be **DENIED** and **DISMISSED WITH PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:       April 2, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE